**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MICHAEL HUNTER

                **Plaintiff,**

v.                                          **Case No.**   6:15-CV-00845-GAP-TBS

ADP SCREENING AND SELECTION
SERVICES, INC.
                **Defendant.**

_____

**CASE MANAGEMENT REPORT**

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000)** [Court recommends 30 days after CMR meeting] | October 6, 2015 |
| **Certificate of Interested Persons and Corporate Disclosure Statement** [each party who has not previously filed must file immediately] | September 25, 2015 |
| **Motions to Add Parties or to Amend Pleadings** [Court recommends 1 - 2 months after CMR meeting] | November 24, 2015 |
| **Disclosure of Expert Reports**    **Plaintiff:**<br>    **Defendant:**<br>[Court recommends last exchange 6 months before trial and 1 - 2 months before discovery deadline to allow expert depositions] | December 7, 2015<br>January 7, 2015 |
| **Discovery Deadline** [Court recommends 6 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | March 7, 2016 |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Dispositive Motions [Court recommends 5 months before trial** | April 15, 2016 |
| ***Daubert* Motions [Court recommends 4 months before trial]** | May 13, 2016 |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement [10 days before Joint Final Pretrial Statement]** | June 20, 2016 |
| **Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (with CD or emailed to chambers_FLMD_Presnell@flmd.uscourts.gov), Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)  [Court recommends 6 weeks before Final Pretrial Conference]** | July 1, 2016 |
| **All Other Motions Including Motions *In Limine* [Court recommends 3 weeks before Final Pretrial Conference]** | July 21, 2016 |
| **Final Pretrial Conference [Court will set a date that is approximately 3 weeks before trial]** | August 11, 2016 |
| **Trial Term Begins** <br> **[Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term *must not* be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first business day of each month; trials before magistrate judges will be set on a date certain after consultation with the parties]** | September 1, 2016 |
| **Estimated Length of Trial  [trial days]** | 3 Days |
| **Jury / Non-Jury** | Jury |
| **Mediation**                      **Deadline:** <br>                                                             **Mediator:** <br>                                                              **Address:** <br><br>                                                             **Telephone:** <br><br> **[Absent arbitration, mediation is *mandatory*; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline]** | January 8, 2016 <br> TBD <br> TBD <br><br> TBD |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| All Parties Consent to Proceed Before Magistrate Judge | Yes____ No X____<br><br>Likely to Agree in Future _____ |

I. **Meeting of Parties in Person**

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise. Counsel will meet in the Middle District of Florida, unless counsel agree on a different location. Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A),[1] a meeting was held in person on September 15 (date) at 2 p.m. (time) at via e-mail (place) and was attended by:

Name                                                                     Counsel for (if applicable)

II. **Pre-Discovery Initial Disclosures of Core Information**

**Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

Fed.R.Civ.P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extend that Rule 3.05 opts out of the mandatory discovery requirements):

N/A

---

[1] A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

The parties ____ have exchanged _X_ agree to exchange (check one)

information described in Fed.R.Civ.P. 26(a)(1)(A) - (D)

on   X   by   (check one)   October 6, 2015   (date).

Below is a description of information disclosed or scheduled for disclosure.

Documents related to the sale of a consumer report about Plaintiff by Defendant.

### III.   Electronic Discovery

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

x__no party anticipates the disclosure or discovery of ESI in this case;

__one or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[2]

A. The form or forms in which ESI should be produced.

N/A

B. Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

N/A

---

[2] See Generally: *Rules Advisory Committee Notes* to the 2006 Amendments to Rule 26(f) and Rule 16.

C. Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

N/A

D. The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

N/A

E. The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

N/A

F. Any issues relating to preservation of discoverable ESI.

N/A

G. Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report. The parties should attempt to agree on protocols that minimize the risk of waiver. Any protective order shall comply with Local Rule 1.09 and Section IV.F. below on Confidentiality Agreements.

H. Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

N/A

Please state if there are any areas of disagreement on these issues and , if so, summarize the parties' positions on each:__N/A_____

_____

_____

_____

If there are disputed issues specified above, or elsewhere in this report, then (check one):

___one or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions.  Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

**If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed.R.Civ.P.**

X___all parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

**IV.     Agreed Discovery Plan for Plaintiffs and Defendants**

   **A.       Certificate of Interested Persons and Corporate Disclosure Statement —**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form.  No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper  —  including emergency motion  —  is subject to being denied or stricken unless the filing party has previously filed and served its

Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

__X__   Yes

_____   No            Amended Certificate will be filed by _____

(party) on or before _____ (date).   B. Discovery Not Filed —

**B.     Discovery Not Filed —**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03 (f). The parties further agree as follows:

N/A

**C.     Limits on Discovery —**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed.R.Civ.P. 33(a); Local Rule 3.03(a). Absent leave of Court or stipulation of the parties each

deposition is limited to one day of seven hours. Fed.R.Civ.P. 30(d)(2). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed.R.Civ.P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

1. Depositions

   N/A

2. Interrogatories

   N/A

3. Document Requests

   N/A

4. Requests to Admit

   N/A

     5.     Supplementation of Discovery

    N/A

**D.**     **Discovery Deadline** —

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

    N/A

**E.**     **Disclosure of Expert Testimony** —

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

    N/A

**F.     Confidentiality Agreements —**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential.  The Court is a public forum, and disfavors motions to file under seal.  The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need.  *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985).  A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support.  The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential."  There is no need for the Court to endorse the confidentiality agreement.  The Court discourages unnecessary stipulated motions for a protective order.  The Court will enforce appropriate stipulated and signed confidentiality agreements.  *See* Local Rule 4.15.  Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need."  With respect to confidentiality agreements, the parties agree as follows:

**G.     Other Matters Regarding Discovery —**

N/A

**V.      Settlement and Alternative Dispute Resolution.**

   **A.      Settlement —**

   The parties agree that settlement is

_X_ likely  _____ unlikely          (check one)

   The parties request a settlement conference before a United States Magistrate Judge.

   yes          no          likely to request in future

   **B.      Arbitration —**

   The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case.  Do the parties agree to arbitrate?

   yes          (no)          likely to agree in future

   _____ Binding          _____ Non-Binding

   **C.      Mediation —**

   Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules.  The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation.  The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

D.   **Other Alternative Dispute Resolution —**

The parties intend to pursue the following other methods of alternative dispute resolution:

**Date:** September 17, 2015

**Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.**

| | |
|---|---|
| /s/ Erin A. Novak<br>Erin A. Novak, (pro hac vice)<br>FRANCIS & MAILMAN, P.C.<br>100 S. Broad Street, 19th Floor<br>Philadelphia, PA 19110<br>Telephone: (215) 735-8600<br>Facsimile: (215) 940-8000<br>enovak@consumerlawfirm.com | /s/ Richard A. Millisor<br>Richard A. Millisor<br>OH Bar No. 0062883 (pro hac vice)<br>rmillisor@laborlawyers.com<br>Fisher & Phillips LLP<br>9150 South hills Boulevard<br>Suite 300<br>Cleveland, Ohio 44147<br>Telephone (440) 838-8800<br>Facsimile (440) 838-8805 |