IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

|  |  |
|---|---|
| MICHAEL HUNTER,<br><br>    Plaintiff,<br><br>v.<br><br>ADP SCREENING AND<br>SELECTION SERVICES, INC.<br><br>    Defendant. | No. 6:15-CV-00845-GAP-TBS |

AND NOW, this _____ day of _____, 2016, upon consideration of Plaintiff's Motion to Enforce the Subpoena Served Upon Grace Previti, pursuant to Fed. R. Civ. P. 45(e), and any response thereto, it is hereby ORDERED that the Motion is GRANTED. IT IS FURTHER ORDERED that Grace Previti shall be deposed within ten (10) days of this Order.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| MICHAEL HUNTER, <br><br> Plaintiff, <br><br> v. <br><br> ADP SCREENING AND SELECTION SERVICES, INC. <br><br> Defendant. | ) <br> ) <br> ) <br> ) No. 6:15-cv-00845-GAP-TBS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## PLAINTIFF MICHAEL HUNTER'S MOTION TO ENFORCE A SUBPOENA

Plaintiff Michael Hunter, through counsel, hereby moves this Court pursuant to Fed. R. Civ. P. 45(e) for an Order enforcing the Subpoena served upon Grace Previti on April 18, 2016. As set forth in the accompanying Memorandum of Law, which is incorporated by reference herein, Plaintiff specifically requests that this Court compel Grace Previti to be deposed by Plaintiff within ten (10) days.

Respectfully submitted,

/s/ Erin A. Novak
Erin A. Novak, *(pro hac vice)*
FRANCIS & MAILMAN, P.C.
100 S. Broad Street, 19th Floor
Philadelphia, PA 19110
Telephone: (215) 735-8600
Facsimile: (215) 940-8000
enovak@consumerlawfirm.com

DATED: May 2, 2016

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| MICHAEL HUNTER | ) |
| | ) |
| Plaintiff, | ) No. 6:15-CV-00845-GAP-TBS |
| | ) |
| v. | ) |
| | ) |
| ADP SCREENING AND | ) |
| SELECTION SERVICES, INC. | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF MICHAEL HUNTER'S MEMORANDUM OF LAW IN
SUPPORT OF HIS MOTION TO ENFORCE A SUBPOENA**

Plaintiff Michael Hunter, through counsel, respectfully submit this Memorandum of Law in support of his motion to enforce the subpoena served upon Grace Previti on April 18, 2016.

**I.    FACTUAL ALLEGATIONS**

On May 26, 2016, in the District Court for the Middle District of Florida, Plaintiff brought this action alleging that ADP Screening and Selection Services, Inc. ("ADP") violated the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §§ 1681 *et seq.* by failing to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about him. Specifically, Plaintiff alleged that he applied for a residential Home Inspector position with URS in June 2013. (Dk. No. 1 at ¶ 6). ADP sold to URS a consumer report, or background check, for consideration with Mr. Hunter's employment application. (*Id.* at ¶¶ 7-8). The consumer report ADP sold to URS contained inaccurate and derogatory criminal records information related to a felony drug conviction. (*Id.* at ¶¶ 9-13). Mr. Hunter has never been convicted of a felony and the felony listed on Mr.

Hunter's ADP consumer report belonged not to him, but to another Mr. Michael Hunter. (*Id.* at ¶¶ 13-15). Mr. Hunter was denied the position at URS and alleges that the inaccurate information contained in the consumer report ADP sold to URS was a substantial factor in that denial.

## II. PROCEDURAL BACKGROUND

Accordingly, in connection with discovery in this matter, on April 18, 2016, Plaintiff issued a subpoena upon Grace Previti (the "subpoena") in the District of Maryland, where Ms. Previti is employed by URS. (A true and correct copy of the Previti subpoena is attached hereto as Exhibit A). The subpoena commanded that Ms. Previti appear for deposition on May 2, 2016 in URS produce documents relevant to the litigation and also produce a witness knowledgeable about certain relevant topics for deposition twelve miles away in Rockville, Maryland.

Ms. Previti did not seek a protective order or move to quash the subpoena, instead sending a letter with objections on April 28, 2016 to the undersigned. (A true and correct copy of the April 28, 2016 correspondence is attached hereto as Exhibit B). Ms. Previti's objections are that the May 2, 2016 date for deposition is inconvenient,[1] and that Ms. Previti need not comply with this subpoena as it is a defendant in a separate case, *Hunter v. URS Corporation*, No. 6:15-cv-02127-GAP-KRS (the "URS Matter"), where Plaintiff will be able to obtain the requested discovery. (*See generally* Ex. B). Specifically, Ms. Previti refuses to comply with the discovery unless Plaintiff Hunter agrees to consolidate discovery between the instant case and the URS Matter "AECOM remains willing to

---

[1] Local Rule 3.02 requires a noticing party to give fourteen days written notice to all parties and the deponent, if the deponent is not a party. Here notice was appropriate.

discuss discovery in a coordinated fashion, whereby it has to produce relevant, non-privileged documents responsive to both cases." (*Id.* at 3 of 7). Ms. Previti has refused to appear for deposition at any time in connection with this subpoena without Plaintiff's acquiescence to the consolidation of discovery between this matter and the URS Matter.[2] Plaintiff attempted to cure any perceived defect in the subpoena and amicably resolve this issue by seeking dates when Ms. Previti would be available for deposition. (A true and correct copy of the Plaintiff's April 29, 2016 correspondence is attached hereto as Exhibit C). Ms. Previti affirmed her position that she would not be deposed pursuant to this subpoena by refusing to respond to this correspondence.

Plaintiff is entitled to take discovery in his case and Ms. Previti's[3] refusal to comply with the subpoena is in violation of Federal Rule of Civil Procedure 45.

---

[2] URS moved to transfer the URS Matter from the docket of the Honorable Paul G. Byron to the Honorable Gregory A. Presnell. (URS Matter, 6:15-cv-02127-PGB-KRS, Dk. No. 103). On March 24, 2016, the Honorable Paul G. Byron granted the transfer of the URS Matter to the Honorable Gregory A. Presnell, prior to Plaintiff's response. (URS Matter, Dk. No. 104). A motion to reconsider that transfer is currently pending. (URS Matter, Dk. No. 106).

As discussed more fully in his Motion for Reconsideration in the URS Matter, Plaintiff believes that coordination of discovery is inappropriate for these two distinct cases, especially at the eleventh hour of the instant matter. (*See* URS Matter, Dk. No. 106). Further, it is not Plaintiff's province, but rather this Court's, to determine what cases should be consolidated and for what purposes. No scheduling order has been issued to reflect the March 24, 2016, Order of Judge Byron. The only scheduling order entered in either of these matters was issued in this case and sets discovery to close on May 2, 2016. (Dk. No. 32).

[3] The two cases are not consolidated, nor should they be. Moreover, discovery in this case is to conclude on May 2, 2016, and Plaintiff will be unfairly prejudiced in this case without the discovery sought.

### III. ARGUMENT

Pursuant to Federal Rule of Civil Procedure 45(e), a federal court may enforce a subpoena by compelling the third party upon whom the subpoena is served to respond to the subpoena and may hold that third party in contempt for failing to do so. Fed. R. Civ. P. 45(e). The enforcement of a third party subpoena is well within the discretion of this court. *See Klay, M.D. v. All Humana, Inc.*, 425 F.3d 977, 983 (11th Cir. 2005). Plaintiff is entitled to "at any time . . . move the court for an order compelling production or inspection." Fed. R. Civ. P. 45(c)(2)(i).

Plaintiff also properly issued subpoena seeking a deposition within the home district of the third party. (Ex. A.) The deposition location is approximately 12 miles from Ms. Previti's work. (Attached hereto as Exhibit D, is a true and correct copy of Ms. Previti's affidavit, served by Defendant as ADP SCREENING 000146 through ADP SCREENING 000147). An appropriate witness fee under Fed. R. Civ. P. 45(b)(1) was included with the subpoena. (Ex. A.)

Plaintiff has substantial need for the testimony requested. Ms. Previti signed an affidavit in the URS Matter, which ADP has produced in this matter, stating that the job Mr. Hunter alleges he was denied for never existed. Obviously the alleged non-existence of the position Mr. Hunter applied for bears greatly on Mr. Hunter's allegations regarding lost employment and lost wages damages.

Here, Ms. Previti has refused to appear for her deposition despite Plaintiff's properly issued and served subpoena.

## IV. CONCLUSION

Accordingly, this Court should afford Plaintiff relief by enforcing the subpoena and compelling Ms. Previti to be deposed by Plaintiff within ten (10) days.

### Certificate of Compliance with Local Rule 3.01(g)

The undersigned certifies that Erin A. Novak, Esquire *pro hac vice* counsel conferred with Defendant's Counsel pursuant to Local Rule 3.01(g) in a good faith effort to resolve the issues raised by this Motion, and that Defendant's Counsel does not oppose this Motion or the requested relief.

Respectfully submitted,

*/s/ Erin A. Novak*
Erin A. Novak, *(pro hac vice)*
FRANCIS & MAILMAN, P.C.
100 S. Broad Street, 19th Floor
Philadelphia, PA 19110
Telephone: (215) 735-8600
Facsimile: (215) 940-8000
enovak@consumerlawfirm.com

DATED: May 2, 2016

## CERTIFICATE OF SERVICE

I, **ERIN A. NOVAK**, hereby certify that, on this date, I caused a true and correct copy of the foregoing Plaintiff's Motion to Enforce A Subpoena to be served by way of ECF Notification upon the following counsel of record:

Abigail Kofman, Esquire
Steven A. Siegel, Esquire
Richard A. Millisor, Esquire
FISHER & PHILLIPS, LLP
akofman@laborlawyers.com
ssiegel@laborlawyers.com
rmillisor@laborlawyers.com

*Attorneys for Defendant*
*ADP Screening and Selection Services, Inc.*

/s/ Erin A. Novak
Erin A. Novak, *(pro hac vice)*
FRANCIS & MAILMAN, P.C.
100 S. Broad Street, 19th Floor
Philadelphia, PA 19110
Telephone: (215) 735-8600
Facsimile: (215) 940-8000
enovak@consumerlawfirm.com

Date: May 2, 2016