UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL HUNTER,

    Plaintiff,

v.                                            Case No:   6:15-cv-845-Orl-31TBS

ADP SCREENING AND SELECTION
SERVICES, INC.,

    Defendant.

## ORDER

On April 14, 2016, Plaintiff served a subpoena on AECOM f/k/a URS Corporation of 1999 Avenue of the Stars, Los Angeles, CA 90067.   The subpoena commands AECOM to produce documents and appear and testify at a deposition in Pasedena, CA on May 2, 2016 (Doc. 40-1).   On April 18, 2016, Plaintiff served a subpoena on Grace Previti, AECOM f/k/a URS Corporation to appear and testify at a deposition on May 2, 2016 in Rockville, MD (Doc. 39-1).   AECOM objected to both subpoenas on April 28, 2016 (Doc 40-2).

This matter is now before the Court on Plaintiff Michael Hunter's motion to enforce the subpoenas (Docs. 39, 40).   Plaintiff argues that AECOM's objections are without merit and that AECOM and Previti refuse to schedule a deposition.   Plaintiff represents that this Court has discretionary authority to enforce the subpoenas and that he is "entitled to 'at any time … move the court for an order compelling production or inspection.'"   (Doc. 39 at 4).[1]

---

[1] Plaintiff quotes Rule 45(c)(2)(i) for the proposition that he is entitled to "'at any time … move the court for an order compelling production or inspection.'"   (Doc 39 at 4).   Rule 45(c)(2)(i) does not exist.   It appears that Plaintiff intended to rely on Rule 45(d)(2)(B)(i), which provides a procedure for objecting to a

"Under the 2013 amendments to Federal Rule of Civil Procedure 45, the district court with jurisdiction to enforce and to quash subpoenas is the 'court for the district where compliance is required,' which may or may not be the court that issued the subpoena." Narcoossee Acquisitions, LLC v. Kohl's Dep't Stores, Inc., No. 6:14-CV-203-ORL-41TBS, 2014 WL 4279073, at *1 (M.D. Fla. Aug. 28, 2014) (quoting FED. R. CIV. P. 45(d)(1), (d)(3), (g)).  See also Procaps S.A. v. Patheon Inc., No. 12-24356-CIV, 2015 WL 1722481, at *3-4 (S.D. Fla. Apr. 15, 2015); Woods ex rel. U.S. v. SouthernCare, Inc., 303 F.R.D. 405, 406 (N.D. Ala. 2014) ("[C]hallenges to the subpoena are to be heard by the district court encompassing the place where compliance with the subpoena is required.").  Plaintiff's subpoenas seek compliance in Rockville, Maryland and Pasedena, California (Docs. 39-1, 40-1).  Accordingly, Plaintiff's motions (Docs. 39, 40) are **DENIED without prejudice** to being filed in the proper districts.  See The Dispatch Printing Co. v. Zuckerman, No. 16-CV-80037-BLOOM/VALLE, 2016 WL 335753, at *2 (S.D. Fla. Jan. 27, 2016) ("Federal Rule of Civil Procedure 45 requires subpoena-related motions to be filed in the district where compliance with the subpoena is required.").

**DONE** and **ORDERED** in Orlando, Florida on May 3, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties

---

command to produce documents or tangible things and for the serving party to seek court intervention. The rule provides: "If an objection is made … At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection."  FED. R. CIV. P. 45(d)(2)(B)(i).

- 2 -